UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THOMAS MURPHY,

                              Plaintiff,

                                                                                  DECISION AND ORDER

                                                                                  04-CV-6615L

                v.

GLEN S. GOORD, as Commissioner
of NYS Dept. of Correctional Services,
et al.,

                              Defendants.
_____

      Plaintiff, Thomas Murphy ("Murphy"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), commenced this action under 42 U.S.C. § 1983. Plaintiff, who is represented by counsel, alleges that he was assaulted by several correctional officers at Elmira Correctional Facility ("Elmira") on January 21, 2004. He has sued DOCS Commissioner Glenn Goord ("Goord"), Elmira Superintendent Calvin West ("West"), and ten "John Doe" defendants, the officers who plaintiff alleges attacked him. Defendants have moved for judgment on the pleadings dismissing the complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

**DISCUSSION**

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Cleveland v. Caplaw Enterprises*, 448 F.3d 518, 521 (2d Cir. 2006). When evaluating such a motion, a court must draw all reasonable inferences in plaintiff's favor. *See Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1088 (2d Cir. 1995). The factual allegations in the complaint must be assumed to be true. A court should therefore dismiss a complaint only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court's task in ruling on a Rule 12(b)(6) motion, then, "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 779 (2d Cir. 1984).

The basis for the motion as to Goord and West is defendants' assertion that plaintiff has not alleged sufficient facts to show that they were personally involved in the alleged violation of plaintiff's constitutional rights by the officers. A plaintiff asserting a § 1983 claim against a supervisory official in his individual capacity must show that the supervisor was personally involved in the alleged constitutional deprivation. *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001); *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2d Cir. 2001). "[M]ere 'linkage in the prison chain of command' is insufficient to implicate a state commissioner of corrections or a prison superintendent in a § 1983 claim." *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (quoting *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1995)); *see also Colon v. Coughlin*, 58 F.3d

865, 874 (2d Cir. 1995) ("The bare fact that [the defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [plaintiff's] claim."). Rather, personal involvement may be shown by evidence that the defendant: (1) participated directly in the alleged constitutional violation; (2) after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) created a policy or custom under which unconstitutional practices occurred, or allowed such a policy or custom to continue; (4) was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) exhibited deliberate indifference to others' rights by failing to act on information indicating that unconstitutional acts were occurring. *Colon*, 58 F.3d at 873; *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986).

Here, plaintiff alleges that "[t]he beating administered to plaintiff by defendant correction officers John Does #1-10 was directed and/or tolerated, and/or encouraged by the wrongful practices of defendants West and Goord." Complaint ¶ 13. He also alleges that "[d]efendants Goord and West, had ample, direct and specific prior notice of this assault by defendant correction officers John Does #1-10 in that the said policies and practices of the defendants Goord and West encouraged and permitted the said assault." Complaint ¶ 27.

Even given the minimal pleading requirements that must be met to survive a Rule 12(c) motion, I find these allegations insufficient to show Goord's and West's personal involvement in the alleged deprivations. While I recognize that the "notice pleading" standard under the Federal Rules requires only a "short and plain statement" of the plaintiff's claim, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting Fed. R. Civ. P. 8(a)(2)), "a civil rights complaint must still allege *facts*." *Gilmore v. University of Rochester*, 410 F.Supp.2d 127, 133 (W.D.N.Y. 2006). *See Dow Jones & Co. v. International Securities Exchange, Inc.*, 451 F.3d 295, 307 (2d Cir. 2006)

(complaint that "consists of conclusory allegations unsupported by factual assertions ... fails even the liberal standard of Rule 12(b)(6)"); *Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004) (stating that "in a civil rights action as in any other action subject to notice pleading standards, the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why–although why, when why means the actor's state of mind, can be averred generally," and observing that "the requirements of Rule 8(a)(2) are minimal–but 'minimal requirements are not tantamount to nonexistent requirements'") (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988); *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss") (internal quotation marks omitted); *Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights"), *cert. denied*, 525 U.S. 1154 (1999); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996) ("While the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice").

Here, plaintiff's allegation that the alleged assault "was directed and/or tolerated, and/or encouraged by the wrongful practices of defendants West and Goord" is so broad and conclusory that it does not "give the defendant[s] fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). If that were sufficient to state a claim, "supervisory officials would automatically be subject to suit (if not liability) every time one of their subordinates committed a constitutional violation." *Houghton v. Cardone*, 295 F.Supp.2d 268, 276 (W.D.N.Y. 2003).

Plaintiff's allegation that these defendants had "direct and specific prior notice of this assault" fares no better, since it goes on to allege that defendants had such notice "in that the said policies and practices of the defendants Goord and West encouraged and permitted the said assault." Despite the modifier "said," the complaint does not state what "policies and practices" plaintiff is referring to. While a supervisory official may be deemed "personally involved" in a constitutional violation if he created or continued a policy that led to the violation, an allegation that defendants were on notice by virtue of some unspecified "policies and practices" hardly seems consistent with plaintiff's equally conclusory allegation that Goord and West had "*direct* and *specific* notice of *this* assault."

"A complaint that essentially regurgitates the relevant 'personal involvement' standard, without offering any facts indicating that, or how, an individual defendant in a supervisory role was personally involved in a constitutional violation, cannot withstand dismissal." *Davis v. County of Nassau*, 355 F.Supp.2d 668, 677 (E.D.N.Y. 2005). *See, e.g.*, *Montero v. Travis*, 171 F.3d 757, 761-62 (2d Cir. 1999) (claim against parole board chairman was properly dismissed as frivolous because plaintiff "never alleged any facts describing [chairman]'s personal involvement in the claimed constitutional violations"); *Houghton*, 295 F.Supp.2d at 276 (dismissing complaint containing conclusory allegations that county sheriff "(1) failed to adequately train or supervise the officers; (2) knew about and tolerated the officers' allegedly unlawful behavior; and (3) 'failed to institute a proper system of review and reprimand' of his deputies so as to prevent the types of unlawful acts alleged here," since complaint offered no factual basis to support these allegations); *Pravda v. City of Albany*, 956 F.Supp. 174, 182 (N.D.N.Y. 1997) (granting defendants' motion for judgment on the pleadings, where *pro se* plaintiff's "conclusory allegations" that county jail

superintendent and county sheriff were responsible for setting county policy and supervising corrections officers involved in abuse were "insufficient to establish the personal involvement of these individual Defendants in Plaintiff's alleged constitutional deprivations").

In response to defendants' motion, plaintiff cites another, unrelated lawsuit brought by an inmate at Sing Sing Correctional Facility in which a jury awarded punitive damages against Goord, as well as a book, *Newjack: Guarding Sing Sing*, in which author Ted Conover describes his experiences working for a year as a guard at Sing Sing. Plaintiff also cites *Webb v. Goord*, 340 F.3d 105 (2d Cir. 2003), in which the Second Circuit noted that the plaintiff had made "grave allegations of rights violations either perpetrated or tolerated by DOCS officials." *Id.* at 112.

Such references do not suffice to allege defendants' personal involvement in the incident giving rise to *this* action. Aside from the fact that all these matters are outside the pleadings, plaintiff cannot simply piggyback onto wholly separate lawsuits or rely on anecdotal evidence about problems at other correctional institutions to support his claim that the defendants named in this action were personally involved in the alleged deprivation of plaintiff's rights. In addition, plaintiff's reliance on *Webb* is misplaced, since the Court of Appeals in that case held that the plaintiffs' allegations of "a series of discrete incidents taking place within a single prison system over a long period of time" *failed* to state a claim of systemic violations throughout DOCS. *Id.* at 110. The court stated that "[t]his case simply cannot be sustained as an action seeking to adjudicate claims and defenses arising from acts of misconduct which are only substantially related because they all are alleged to have occurred at DOCS facilities." *Id.* Plaintiff's claims in this action are no more related to these other lawsuits than were the claims asserted by the plaintiffs in *Webb* related to each other.

I therefore grant defendants' motion insofar as it relates to the claims against Goord, and dismiss the complaint as to him, with leave to replead his claims against Goord, provided that plaintiff must allege facts demonstrating Goord's personal involvement in the alleged violation of plaintiff's constitutional rights.[1]  *See Orraca v. McCreery*, No. 9:04-CV-1183, 2006 WL 1133254, at *1 (N.D.N.Y. Apr. 25, 2006) (dismissing, with leave to replead, claim against defendant, based on the lack of his personal involvement in the deprivations alleged); *Hopper v. Coughlin*, No. 90 Civ. 2333, 1991 WL 44842, at *3 n. 5 (S.D.N.Y. Mar. 28, 1991) ("Plaintiff is granted leave to replead as against these defendants to allege the requisite personal involvement.  However, plaintiff is cautioned that mere conclusory statements will not suffice").

Although the allegations against West are identical to those against Goord, I will not dismiss the complaint against West at this time.  As stated, the remaining defendants in this action–and the only defendants who are alleged to have directly participated in the alleged assault–are as-yet unidentified, "John Doe" defendants.  There is authority that, "[a]s a general rule, the use of 'John Doe' to identify a defendant is not favored ... ." *Feliciano v. County of Suffolk*, 419 F.Supp.2d 302, 313 (E.D.N.Y. 2005); *accord Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  At the same time, however, "courts have recognized that situations arise in which the identity of alleged defendants may not be known prior to the filing of a complaint.  In such situations, the plaintiff should have an opportunity to pursue discovery to identify the unknown defendants." *Covington*

---

[1] Having dismissed plaintiff's § 1983 claims against Goord, I decline to exercise supplemental jurisdiction over plaintiff's state law claims against him pursuant to 28 U.S.C. § 1367.  *See Velez v. Kulhmann*, No. 02 Civ. 6062, 2003 WL 22004899, at *6 (S.D.N.Y. Aug. 22, 2003) ("Having dismissed all the federal claims against [certain] defendants, I decline to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367").

*v. Warden of C-95*, No. 93-CV-1958, 1996 WL 75211 at *4 (E.D.N.Y. Feb. 8, 1996) (quoting *Gillespie*, 629 F.2d at 642).

In *Davis v. Kelly*, 160 F.3d 917 (2d Cir. 1998), the Court of Appeals for the Second Circuit stated that "courts have pointed out the appropriateness of maintaining supervisory personnel as defendants in lawsuits stating a colorable claim until the plaintiff has been afforded an opportunity through at least brief discovery to identify the subordinate officials who have personal liability." *Id.* at 921 (citations omitted). The Court of Appeals added that

> courts have rejected the dismissal of suits against ... defendants identified only as "John Doe's," until the plaintiff has had some opportunity for discovery to learn the identities of responsible officials. Once the supervisory officer has inquired within the institution and identified the actual decision-makers of the challenged action, those officials may then submit affidavits based on their personal knowledge of the circumstances.

*Id.* (citations and footnote omitted). The court concluded that "[a]fter an opportunity for discovery, undisputed allegations that the supervisor lacked personal involvement will ultimately suffice to dismiss that official from the case, but such dismissal is premature where the opportunity to identify those involved has not yet been accorded." *Id.* at 921-22. *See also Peralta v. Doe*, No. 04-CV-6559, 2005 WL 357358, at *2 (W.D.N.Y. Jan. 24, 2005) (although complaint was subject to dismissal because plaintiff had not identified a defendant for service of complaint, court would permit plaintiff to amend his complaint to name a defendant for service and discovery).

Despite the paucity of allegations of West's personal involvement, then, I will not dismiss him from the action at this time, but will allow plaintiff to proceed with discovery to attempt to ascertain the identities of the "John Doe" defendants. "[A]fter an opportunity for appropriate discovery has been afforded, [West] may renew his motion for summary judgment," and "[h]e will be entitled to prevail ... if [plaintiff] cannot raise a genuine issue of material fact disputing [West's] evidence of lack of personal involvement ... ." *Davis*, 160 F.3d at 922.

Defendants contend that the Court should dismiss the action against the "John Doe" defendants because under the Court's April 2005 Scheduling Order, the deadline for motions to join other parties or to amend the pleadings has passed. Leave to amend beyond the deadline may still properly be granted upon a showing of good cause, however. *See Andretti v. Borla Performance Industries, Inc.*, 426 F.3d 824, 835 (6th Cir. 2005); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-40 (2d Cir. 2000). Plaintiff's counsel states in his affirmation that he has had some difficulty contacting his client, partly because plaintiff has been moved more than once to different facilities. It was because of that, in fact, that the Court previously granted counsel an extension of time to file his response to defendants' motion. Dkt. #15. Plaintiff's attorney also states that plaintiff is now housed at the Central New York Psychiatric Facility, is suffering mental health problems, and is unable to give the attorney any details about defendants' alleged assault. Under those circumstances, I believe that plaintiff may properly be granted leave to amend once plaintiff has been able, through interrogatories or other discovery, to identify the individuals who allegedly assaulted him.

## CONCLUSION

Defendants' motion to dismiss the complaint (Dkt. #11) is granted in part and denied in part. Plaintiff's claims against defendant Glenn S. Goord are dismissed. In all other respects, defendants' motion is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
    August 8, 2006.