UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THOMAS MURPHY,

Plaintiff,

DECISION AND ORDER

04-CV-6615L

v.

CALVIN WEST, as Superintendent of the Elmira Correctional Facility of the NYS Dept. of Correctional Services,
JOHN DOES 1-10,
as Correction Officers of the NYS Dept. of Correctional Services at the Elmira Correctional Facility,

Defendants.

---

Plaintiff, Thomas Murphy, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), commenced this action under 42 U.S.C. § 1983. Plaintiff, who is represented by counsel, alleges that he was assaulted by several correctional officers at Elmira Correctional Facility ("Elmira") on January 21, 2004. The complaint named as defendants DOCS Commissioner Glenn Goord, Elmira Superintendent Calvin West, and ten "John Doe" defendants, the officers who plaintiff alleges attacked him.

On August 8, 2006, the Court issued a Decision and Order dismissing plaintiff's claims against Goord for lack of personal involvement, but denying defendants' motion for judgment on

the pleadings as to West and the John Doe defendants. 445 F.Supp.2d 261. In so doing, I stated that despite the "paucity of allegations of West's personal involvement," I would not dismiss plaintiff's claims against him at that time, but would "allow plaintiff to proceed with discovery to attempt to ascertain the identities of the 'John Doe' defendants." *Id.* at 267 (citing *Peralta v. Doe*, No. 04-CV-6559, 2005 WL 357358, at *2 (W.D.N.Y. Jan. 24, 2005) (although complaint was subject to dismissal because plaintiff had not identified a defendant for service of complaint, court would permit plaintiff to amend his complaint to name a defendant for service and discovery).

Plaintiff has now filed a motion seeking certain discovery or, in the alternative, leave to amend the complaint. Plaintiff's counsel states that defense counsel has provided him with the names of six correction officers who were present at the incident giving rise to plaintiff's claims in this action. Citing alleged "security" concerns, however, defense counsel refused a request by plaintiff's attorney for photographs of those six officers to allow plaintiff to identify which officers committed the alleged assault. Dkt. #29-2 at 4.

In his motion, plaintiff seeks an order compelling defendants to provide him with photographs of the six officers in question, so that plaintiff could then amend the complaint to name the correct defendants. In the alternative, plaintiff seeks leave to file an amended complaint naming as defendants all six of the officers who were present at the scene, and to "allow the Court to sort out the issue of who struck the unlawful blows at a trial of this action." Plaintiff's Mem. of Law (Dkt. #28) at 5.

Defendants oppose plaintiff's motion, on the ground that it would be futile to amend the complaint now by naming the John Doe defendants. Defendants contend that the statute of

limitations has run as to those defendants, and that an amendment identifying them by name would not relate back to the filing of the original complaint. Defendants also move to dismiss all of plaintiff's claims against defendant West on the ground of lack of personal involvement.

## DISCUSSION

### I. "John Doe" Defendants

Defendants contend that it would be futile to allow plaintiff to amend the complaint to name the John Doe defendants, because his claims against them would be barred by the three-year statute of limitations applicable to § 1983 claims. *See Patterson v. County of Oneida, New York*, 375 F.3d 206, 225 (2d Cir.2004) (statute of limitations applicable to claims brought under § 1983 in New York is three years); *accord Jewell v. County of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990); *Griswold v. Morgan*, 317 F.Supp.2d 226, 231 (W.D.N.Y. 2004).

The Second Circuit has held that

> Rule 15(c) [which deals with the relation back of amended pleadings] does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities. Rule 15(c) explicitly allows the relation back of an amendment due to a "mistake" concerning the identity of the parties (under certain circumstances), but the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake.

*Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2$^{d}$ Cir. 1995), *as modified*, 74 F.3d 1366 (2$^{d}$ Cir. 1996). *See also Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2$^{d}$ Cir. 1999) (rule applies "even when a suit is brought by [a] *pro se* litigant"); *see, e.g.*, *Sweet v. Wende Correctional Facility*, 514

F.Supp.2d 411, 416 (W.D.N.Y. 2007) ("All that plaintiff can show here is that he did not know the identities of the John Doe defendants when he filed the complaint in 2000. Thus, the limitations period against these defendants ran out in 2000, and an amended complaint identifying them ... would not relate back to the filing of the original complaint in 2000").

In response to defendants' arguments, plaintiff contends that the limitations period in this case has been tolled by operation of N.Y. C.P.L.R. § 208, which generally tolls the applicable limitations period where the plaintiff "[wa]s under a disability because of infancy or insanity at the time the cause of action accrue[d]."[1] Plaintiff's attorney states that, at the direction of DOCS, plaintiff has been confined for some time in the Central New York Psychiatric Facility ("Psychiatric Facility") due to a mental illness. It appears that plaintiff was moved to the Psychiatric Facility at some point after the incident giving rise to this action, although his attorney states that "[a]s plaintiff originally related the facts to me, he was suffering from mental illness from the very beginning of the case." Kerson Aff. (Dkt. #27-1) ¶ 3.[2]

---

[1] § 208. Infancy, insanity

If a person entitled to commence an action is under a disability because of infancy or insanity at the time the cause of action accrues, and the time otherwise limited for commencing the action is three years or more and expires no later than three years after the disability ceases, or the person under the disability dies, the time within which the action must be commenced shall be extended to three years after the disability ceases or the person under the disability dies, whichever event first occurs; if the time otherwise limited is less than three years, the time shall be extended by the period of disability. The time within which the action must be commenced shall not be extended by this provision beyond ten years after the cause of action accrues, except, in any action other than for medical, dental or podiatric malpractice, where the person was under a disability due to infancy. This section shall not apply to an action to recover a penalty or forfeiture, or against a sheriff or other officer for an escape.

[2] The DOCS internet inmate lookup service, http://nysdocslookup.docs.state.ny.us, indicates that plaintiff is currently housed at Auburn Correctional Facility, and that he arrived there in August 2006.

I am not convinced that § 208 saves plaintiff's claim. Courts have held that "[a]pathy, depression, posttraumatic neurosis, psychological trauma and repression therefrom, or mental illness alone are insufficient to invoke the tolling provisions of § 208; the mental disability must be 'severe and incapacitating.'" *McEachin v. City of New York*, No. 03-CV-6421, 2007 WL 952065, at *4 (E.D.N.Y. Mar. 29, 2007) (quoting *Wenzel v. Nassau County Police Dep't*, No. 93-4888, 1995 U.S. Dist. LEXIS 22067, at *10 (E.D.N.Y., Aug. 5, 1995)). *See also Reyes v. City of New York*, No. 00 CIV. 1050, 2000 WL 1505983, at *2 (S.D.N.Y. Oct. 6, 2000) (noting that the "legislative history reveals that the Advisory Committee deliberately rejected a toll for 'mental illness,' opting to use the stronger term 'insanity' in § 208," and that "the few times the New York Court of Appeals has found a valid insanity toll, the incapacity of the plaintiff was severe") (citing cases). Thus, an allegation that plaintiff was mentally ill at the time of the alleged assault is not enough to trigger § 208.

That does not end the matter, however. Even if plaintiff is not entitled to § 208's toll for insanity, an amended complaint naming the John Doe defendants would still relate back to the date of filing of the original complaint under New York law.

The general rule is that if state law "affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim." *DeRienzo v. Harvard Industries, Inc.*, 357 F.3d 348, 353 n. 8 (3d Cir. 2004) (quoting Advisory Committee's Note to 1991 Amendment of Rule 15). *See also Laureano v. Goord*, No. ___, 2007 WL 2826649, at *5 (S.D.N.Y. Aug. 31, 2007) ("Whether a claim relates back should be analyzed under both federal and state law, and whichever law that affords a more forgiving principle of relation back should be utilized")

(internal quotation marks omitted); *see*, *e.g.*, *Blakeslee v. Royal Ins. Co. of America*, No. 93 CIV. 1633, 1998 WL 209623, at *3 (S.D.N.Y. Apr. 29, 1998) (applying more-forgiving New York rule in deciding whether claim against one co-obligor on a note can relate back to a claim against another).

As stated, New York law would permit relation back under the circumstances of this case. As another district court from this circuit has explained,

> [t]he CPLR contains provisions that allow a plaintiff to toll the statute of limitations in the event that they cannot identify a defendant previously named as John Doe, if they can demonstrate that they have made diligent efforts to do so. *See* CPLR §§ 203(b)-(c), 306-b, 1024. The comparable federal law does not, and only provides for an extension of service of process deadlines. *See* Rule 4(m), F.R. Civ. P. As such, it is clear that the body of statute of limitations law in New York is more forgiving than its federal equivalent.

*Wilson v. City of New York*, No. 03 CV 2495, 2006 WL 2528468, at *3 (S.D.N.Y. Aug. 31, 2006) (also noting that the "New York rule creates a special procedure for John Doe cases that focuses on notice to possible defendants rather than whether the failure to name the defendant was an excusable mistake") (citing *Yaniv v. Taub*, 256 A.D.2d 273 (1st Dep't 1998)).

In the case at bar, plaintiff attempted to obtain information that would have allowed him to identify the John Doe defendants within the three-year limitations period. Specifically, in October 2006, after having been provided with the names of the six officers who were present at the time of the incident giving rise to this action, plaintiff's attorney sought photographs of those officers. Defendants refused to provide such photographs, which necessitated the present motion by plaintiff. Under those circumstances, I find that plaintiff has made diligent efforts to identify the John Doe defendants, and that an amended complaint naming the officers who committed the alleged assault would not be time-barred. *See Wilson*, 2006 WL 2528468, at *3 (noting that plaintiff had made

"several unanswered discovery requests" and that the original complaint naming a John Doe defendant provided defendant with sufficient notice to defend against the lawsuit); *Byrd v. Abate*, 964 F.Supp. 140, 147 (S.D.N.Y. 1997) (permitting relation back where defendants failed to respond to plaintiff's demands for information that would have identified John Does until after limitations period).

**II. Motion to Dismiss Claims against West**

Defendant West has moved for judgment on the pleadings under Rule 12(c), dismissing plaintiff's claims against him. West's motion is granted in part and denied in part.

Plaintiff's claims against West in his official capacity are barred by the Eleventh Amendment, which immunizes states and their agencies from suit unless they consent to suit or waive their immunity. *See Farid v. Smith*, 850 F.2d 917, 920-23 (2d Cir. 1988) (superintendent of correctional facility immune under Eleventh Amendment to the extent sued in his official capacity). New York State has not consented to suit under § 1983. *See Richardson v. New York State DOCS*, 180 F.3d 426, 449 (2d Cir. 1999); *Saxon v. Attica Medical Dep't*, 468 F.Supp.2d 480, 483-84 (W.D.N.Y. 2007).

Plaintiff's claims against West arising under New York state law are also dismissed. Such claims are barred by Corrections Law § 24, which provides that

> [n]o civil action shall be brought in any court of the state, except by the attorney general on behalf of the state, against any officer or employee of [DOCS] in his personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee.

"It is well settled that Section 24 shields employees of a state correctional facility from being called upon to personally answer a state law claim for damages based on activities that fall within the scope of the statute." *Ierardi v. Sisco*, 119 F.3d 183, 186 (2d Cir. 1997) (citing *Baker v. Coughlin*, 77 F.3d 12, 14-15 (2d Cir. 1996)) (other citations omitted). "Such immunity is available whether the action is pursued in a state court or, under pendent jurisdiction, in a federal court." *Id.*; *Baker*, 77 F.3d at 15; *Heyliger v. Gebler*, 496 F.Supp.2d 250, 252-53 (W.D.N.Y. 2007).

West's motion to dismiss plaintiff's § 1983 claims against him in West's personal capacity, on the ground of lack of personal involvement, is denied, however. As stated, plaintiff will be given an opportunity through discovery to identify the particular officers who were involved in the incident giving rise to plaintiff's claims, and to name those officers in an amended complaint. Until then, I will allow plaintiff's claims against West to proceed, for the reasons stated in my prior Decision and Order in this case. *See* 445 F.Supp.2d at 267.

## CONCLUSION

Plaintiff's motion for discovery (Dkt. #27) is granted. Defendants are ordered to provide plaintiff with photographs of Correction Officers Robert Patchen, M. Riddle, Michael Manchester, Salvatore Ruggerio, Richard C. Brown, and Sgt. W. Ashton within fourteen (14) days of the date of entry of this Decision and Order. Plaintiff shall have fourteen (14) days following receipt of those photographs to file a motion for leave to amend the complaint to name the officers involved in the alleged assault on plaintiff. Such motion must be accompanied by a proposed amended complaint.

Absent additional allegations of defendant Calvin West's personal involvement in the alleged violations of plaintiff's constitutional rights, the proposed amended complaint shall not assert any claims against West.

Defendant West's motion for judgment on the pleadings (Dkt. #30) is granted in part and denied in part. Plaintiff's claims against West in his official capacity, and plaintiff's claims against West arising under state law, are dismissed. In all other respects, defendant's motion is denied.

IT IS SO ORDERED.

DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
February 6, 2008.