UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS MURPHY,

                         Plaintiff,

     v.                                   6:04-cv-6615

CALVIN WEST, et al.,

                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiff Thomas Murphy commenced the instant action pursuant to 42 U.S.C. § 1983 seeking damages for alleged Eighth Amendment violations. After a trial, the jury rendered its verdict finding that Plaintiff did not sustain his burden of demonstrating by a preponderance of the evidence that Defendants used excessive force against Plaintiff or denied him adequate medical care. Presently before the Court is Plaintiff's motion pursuant to Fed. R. Civ. P. 59 seeking a new trial and Rule 65 seeking injunctive relief.

## I.    STANDARD OF REVIEW

"A district court may grant a new trial pursuant to Rule 59 even when there is evidence to support the jury's verdict, so long as the court 'determines that, in its independent judgment, the jury has reached a seriously erroneous result or its verdict is a miscarriage of justice.'" AMW Materials Testing, Inc. v. Town of Babylon, 584 F.3d 436, 456 (2d Cir. 2009) (quoting Nimely v. City of New York, 414 F.3d 381, 392 (2d Cir. 2005)). "[A] trial judge is free to weigh the evidence himself, and need not view it in the light most

favorable to the verdict winner." DLC Mgmt. Corp. v. Town of Hyde Park, 163 F.3d 124, 133-34 (2d Cir. 1998).

## II.     DISCUSSION

Having listened to the evidence at trial and considered the arguments in Plaintiff's motion, the Court is unable to conclude that the jury reached a seriously erroneous result or that its verdict is the result of a miscarriage of justice.

The affidavit of Dr. Janos Marton submitted by Plaintiff concerning the manner in which he was treated following his suicide attempt (as well as the accompanying brochure concerning suicide attempts) is not properly considered on a post-trial motion because Marton was not a witness at trial. In any event, Dr. Marton offers legal conclusions, thereby attempting to usurp the role of the jury, and the jury was free to make the ultimate determinations of liability upon consideration of the totality of the trial evidence.

The jury was in the best position to assess the credibility of the witnesses and determine which version of events was to be believed. The jury reasonably concluded that Plaintiff set fire to his cell, a determination was made to move Plaintiff, and Plaintiff was non-cooperative with the efforts to move him thereby requiring the use of force. The jury also was in the best position to determine whether, in light of the Court's instructions, the amount of force used by Defendants was reasonable under the circumstances. Nothing about the jury's conclusion in this regard shocks the conscience or is suggestive of a miscarriage of justice. The same may be said for the jury's conclusion that Plaintiff was not thereafter denied adequate medical care. Accordingly, the motion for a new trial is DENIED.

In light of the jury's conclusion that Plaintiff failed to sustain his burden of demonstrating that Defendants used excessive force or that he was denied adequate

medical care, there is no basis for Plaintiff's motion for injunctive relief. Accordingly, that motion is DENIED.

## III.     CONCLUSION

For the foregoing reasons, Plaintiff's motion for a new trial and injunctive relief is DENIED.

IT IS SO ORDERED.

Dated: November 26, 2012

_____
Thomas J. McAvoy
Senior, U.S. District Judge